OPINION
{¶ 1} Plaintiff Robert Jourdan appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, entered in favor of defendants Lancaster Glass Corporation and the Administrator of Bureau of Workers' Compensation. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN SUSTAINING DEFENDANT'S MOTION FOR DIRECTED VERDICT AT THE END OF PLAINTIFF'S OPENING STATEMENT REFUSING PLAINTIFF THE OPPORTUNITY TO PROCEED TO PROVE HIS CLAIM FOR ADDITIONAL CONDITIONS OF L5-S1 DISC PROTRUSION AND L4-5 SPONDYLOLISTHESIS BY WAY OF AGGRAVATION OR DIRECT CAUSATION SET FORTH IN HIS AMENDED COMPLAINT."
 {¶ 3} The record indicates appellant suffered an injury on July 30, 2001, while working for Lancaster Glass. Appellant received worker's compensation for lumbar contusion. Subsequently, appellant applied to add disc herniation as a result of the injury. The claim was first approved, but on further review, the Industrial Commission disallowed the additional claim for a herniated disc at L4-5. Appellant appealed the matter to the court of common pleas.
 {¶ 4} At some point, appellant amended his complaint to include additional claims of spondylolisthesis and bulging disc at L4-5, and L5-S1 disc protrusion. The matter proceeded to trial, but the court dismissed appellant's action after opening statement, finding appellant must first present additional claims in the Workers' Compensation system before the court of common pleas may review them.
 {¶ 5} At the time the parties briefed this issue, the Supreme Court had accepted the case of Ward v. Kroger Company, Jefferson App. No. 03JE40, 2004-Ohio-3637, but it was still pending. On July 27, 2005, the Ohio Supreme Court announced its opinion in Ward v. Kroger Company,106 Ohio St. 3d 35, 2005-Ohio-3560. The Supreme Court held: "The claimant in an R.C. 4123.512 appeal may seek to participate in the Workers' Compensation Fund only for those conditions that were addressed in the administrative order from which the appeal is taken." Syllabus by the court.
 {¶ 6} The Supreme Court explained the requirement that Workers' Compensation claims be presented first for administrative determination is a necessary and inherent part of the overall adjudicative framework of the Workers' Compensation Act. The statute contemplates withholding judicial review until the administrative hearings process provided by R.C. 4123.511 has been exhausted. The Supreme Court concluded to allow consideration of additional conditions to originate at the judicial level would place the common pleas court in the role of a claims processor.
 {¶ 7} We find the Ward case applies, and conclude the trial court correctly found it could not consider any conditions not first considered by the Industrial Commission.
 {¶ 8} The assignment of error is overruled.
 {¶ 9} For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
Gwin, J., Boggins, P.J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed. Costs to appellant.