[Cite as *State ex rel. Toledo City School Dist. Bd. of Edn. v. Indus. Comm.*, 2021-Ohio-2782.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Board of Education of Toledo   :
City School District,
                                              :
       Relator,
                                              :
                                                              No. 20AP-274
v.                                            :
                                                              (REGULAR CALENDAR)
Industrial Commission of Ohio et al.,         :

       Respondents.                          :

                                              :

---

D E C I S I O N

Rendered on August 12, 2021

---

**On brief:** *Marshal & Melhorn, LLC*, *Michael S. Scalzo*, and *Amy M. Natyshak*, for relator.

**On brief:** *Dave Yost*, Attorney General and *John Smart*, for respondent Industrial Commission of Ohio.

**On brief:** *Spitler & Williams-Young Co., L.P.A., Marc G. Williams-Young*, and *Nicholas S. Jacoby*, for respondent Rachael M. Rosado.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

SADLER, J.

{¶ 1} Relator, Board of Education of Toledo City School District ("TCS"), filed this original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order finding it had continuing jurisdiction to address a motion filed by respondent, Rachael M. Rosado ("Rosado"), requesting a claim be allowed for the condition "complex regional pain syndrome" ("CRPS") and to issue a new order holding it lacks jurisdiction to address Rosado's motion

since Rosado's previous claim asserting injuries to her right elbow and shoulder had been denied and appeal of that denial is pending in the court of common pleas. (Apr. 24, 2020 Order at 2.)

{¶ 2}   This matter was referred to a magistrate pursuant to Civ.R. 53(D) and Loc.R. 13(M) of the Tenth District Court of Appeals.  Relator argued to the magistrate:  the issue of whether the commission made a mistake when it exercised continuing jurisdiction is a proper subject for mandamus; procedural irregularities in the hearing process require the matter to be returned to the commission for further proceedings; the commission misinterpreted *Ward v. Kroger*, 106 Ohio St.3d 35, 2005-Ohio-3560 to find a mistake of law sufficient to invoke continuing jurisdiction; an allowed injury in a claim is a predicate for the commission to consider a flow-through injury; and the commission lost jurisdiction when Rosado's claim was denied and appealed to the common pleas court.  Relator also contended that the practical effect of the commission's exercise of jurisdiction is that Rosado can appeal the disallowance of CRPS to the court of common pleas and relator will face expenses and legal exposure in defending that appeal.

{¶ 3}   The magistrate issued the appended decision, including findings of fact and conclusions of law.  The magistrate found that, because *Ward* permits the commission to consider other conditions arising from the same injury-causing incident, the commission is not automatically deprived of jurisdiction to consider such a claim.  Therefore, in a case such as here, where a claim is postured as a separate condition from one previously disallowed, the commission may exercise its continuing jurisdiction to determine whether the motion asserts a different condition from what was already denied or a "flow-through condition" which may not be separately considered.  (Mag.'s Decision at ¶ 37.)  The magistrate concluded that relator failed to demonstrate a clear legal right to the requested writ of mandamus, and, accordingly, recommended that this court decline to issue a writ of mandamus in this case.

## I.  OBJECTIONS

{¶ 4}   Relator filed the following objections to the magistrate's decision:

> [1.] The magistrate erred in holding that *Ward v. Kroger* is binding precedent on the issue before this court.
>
> [2.] The quote from *Ward* upon which the commission and the magistrate relied is dicta and of no binding effect in this case.

[3.] The magistrate erred in interpreting *Ward* as permitting the adjudication of a motion for a flow-through injury in a disallowed claim, a claim that has no allowances, and is specifically disallowed for the injury from which the flow-through injury is alleged to have flowed.

(Relator's Am. Objs. to Mag.'s Decision at 1.)

## II. ANALYSIS

{¶ 5} Pursuant to Civ.R. 53(D)(4)(d), this court is tasked with ruling on relator's objections by "undertak[ing] an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." *Id*; Loc.R. 13(M)(1). We "may adopt or reject a magistrate's decision in whole or in part, with or without modification." Civ.R. 53(D)(4)(b); Loc.R. 13(M)(1). Having conducted an independent review of the matters raised in relator's objections, we find the magistrate properly determined that the writ should be denied.

{¶ 6} The narrow issue dispositive to whether the writ should be granted in this case is whether relator demonstrated the commission clearly erred in finding it had jurisdiction to address Rosado's motion requesting that her claim be allowed for the condition of CRPS. Relator believes the answer to this question "turns on the interpretation of *Ward*," which relator believes the magistrate incorrectly read and applied. (Am. Objs. at 2.)

{¶ 7} Relator first contends the magistrate erred by stating he could not disregard *Ward* as binding precedent since the facts of this case differ from *Ward* and, in relator's view, its holding is irrelevant here. Relator notes that in *Ward*, the commission allowed a claim for an injury but disallowed other conditions. The claimant then appealed and attempted (improperly) to amend his complaint to add other conditions for the court of common pleas to address in the first instance in an R.C. 4123.512 appeal. Relator argues that unlike *Ward*, in this case, "Rosado's claim was not allowed for any injury" and the issue here does not involve improper addition of claims at the court of common pleas. (Am. Objs. at 3.) Relator does not dispute that a claimant may seek to have the commission adjudicate an additional injury or condition "in a claim that has already been allowed for an injury." (Am. Objs. at 4.) However, relator believes the holding in *Ward*—that a claimant in an R.C. 4123.512 appeal may seek to participate in the workers' compensation fund only for those

conditions that were addressed in the administrative order from which the appeal was taken—is a discrete issue not at play here since in this case Rosado is attempting to add (what the commission ultimately determined to be) a flow-through injury at the administrative level.

{¶ 8}   We do not agree that the factual differences in *Ward* render it inapplicable to the present case.   While the facts in *Ward* did involve a claim with an allowed condition and a claimant attempting to assert other conditions for the first time on appeal to the court of common pleas, essential to its holding is the importance of presenting claims to the commission for administrative determinations in the first instance, the specific rather than generic nature of a "claim," and the issue of when and how claimants may seek to add conditions to claim a right to participate in Ohio's workers' compensation fund.   The Supreme Court of Ohio in *Ward* explains:

> The requirement that workers' compensation claims be presented in the first instance for administrative determination is a necessary and inherent part of the overall adjudicative framework of the Workers' Compensation Act. * * * [R.C. 4123.512(A)] clearly contemplates the general nonappealability of commission orders and, in the case of claims for initial allowance, withholding judicial review until after the claim runs the gamut of successive administrative hearings provided for under R.C. 4123.511.

> Allowing consideration of the right to participate for additional conditions to originate at the judicial level is inconsistent with this statutory scheme because it usurps the commission's authority as the initial adjudicator of claims and casts the common pleas court in the role of a claims processor. A claimed right of participation in the fund is not a generic request. There is no such thing as a workers' compensation claim for "an injury." A workers' compensation claim is simply the recognition of the employee's right to participate in the fund for a specific injury or medical condition, which is defined narrowly, and it is only for that condition, as set forth in the claim, that compensation and benefits provided under the act may be payable. Nor is the right to participate an all-encompassing one-time final determination. The grant or denial of the right to participate for one injury or condition does not preclude a subsequent claim for participation in the fund based on another injury or condition arising out of the same industrial accident. But any such claim must be initiated before the Industrial Commission. Unlike tort actions, workers'

> compensation cases are open and ongoing, subject to the continuing jurisdiction of the administrative agencies. See R.C. 4123.52 (generally allowing the filing of claims up to six years after injury).
>
> Clearly, then, each injury or condition that is alleged to give the claimant a right to participate in the Workers' Compensation Fund must be considered as a separate claim for purposes of R.C. 4123.511 and 4123.512, and each such claim must proceed through the administrative process in order to be subject to judicial review. * * * Simply put, R.C. 4123.512 provides a mechanism for judicial review, not for amendment of administrative claims at the judicial level.

*Ward*, 2005-Ohio-3560, at ¶ 9-11.

{¶ 9} The commission found it did have jurisdiction to address Rosado's request for a claim allowance under *Ward* and noted that here, while the original FROI-1 in this claim was denied and is pending in the court of common pleas, the CRPS condition had not yet been diagnosed at the time of the SHO hearing and was not a condition previously considered for participation in the fund. We agree with the commission that *Ward* supports its exercise of continuing jurisdiction: *Ward* stands for the proposition that the grant "*or denial*" of the right to participate for one injury or condition does not preclude a subsequent claim for participation in the fund based on another injury or condition arising out of the same industrial accident, and any such claim must be initiated before the commission. (Emphasis added.) (Apr. 24, 2020 Order at 2, citing *Ward* at ¶ 10.) While relator asserts the "grant or denial" language in *Ward* is merely dicta, we disagree. As previously indicated, the Supreme Court of Ohio's analysis of when and how claimants' may seek to add conditions to claim a right to participate in Ohio's workers' compensation fund is, in our opinion, essential to its holding.

{¶ 10} Relator additionally argues that the magistrate erred in interpreting *Ward* as permitting the adjudication of a motion for a flow-through injury in a disallowed claim that has no allowances, "and is specifically disallowed for the injury from which the flow-through injury is alleged to have flowed." (Am. Objs. at 1.) However, this argument is premised on a conclusion—CRPS is a flow-through condition—that the commission exercised its continuing jurisdiction to reach in the first place. Rosado, in her motion to the commission, presented CRPS as a separate condition than those previously denied and

continues to argue CRPS is not a flow-through condition.  As provided in *Ward*, the right to participate is not "an all-encompassing one-time final determination" and the "open and ongoing" nature of workers' compensation cases generally allows claimants to bring additional claims for participation in the fund following a denial of the right to participate for another injury or condition.  *Id.* at ¶ 10.  Relator does not dispute the commission's general authority as "the initial adjudicator of claims," and has not shown in this case that the commission clearly lacked jurisdiction to consider Rosado's motion containing at least a colorable request for participation.  *Id.* at ¶ 10.

{¶ 11} Considering all of the above, relator, in this case, has not demonstrated the magistrate erred as to the objected-to matters or otherwise demonstrated a clear legal right to the requested writ of mandamus that would order the commission to vacate its order and enter an order determining that the commission "lacks jurisdiction to address Rosado's motion for CRPS."  (Compl. at 4-5.)

## III.   CONCLUSION

{¶ 12} On examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and consideration of relator's objections, we find the magistrate properly determined the facts and appropriately applied the law.  Accordingly, we overrule relator's objections and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law.  In accordance with the magistrate's recommendation, we deny the requested writ of mandamus.

*Objections overruled;*
*writ of mandamus denied.*

BEATTY BLUNT and MENTEL, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Board of Education of Toledo      :
City School District,

                                                :

          Relator,

                                                :

v.                                                           No.  20AP-274

                                                :

Industrial Commission of Ohio et al.,                        (REGULAR CALENDAR)

                                                :

          Respondents.

                                                :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 11, 2021

---

*Marshall & Melhorn, LLC, Michael S. Scalzo,* and *Amy M. Natyshak,* for relator.

*Dave Yost,* Attorney General, *John Smart,* for respondent Industrial Commission of Ohio.

*Spitler & Williams-Young Co., L.P.A., Marc G. Williams-Young,* and *Nicholas S. Jacoby,* for respondent Rachael M. Rosado.

---

IN MANDAMUS

{¶ 13} Relator, Board of Education of Toledo City School District ("TCS"), brings this original action seeking a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order mailed April 24, 2020 upholding a staff hearing officer ("SHO") denial of respondent Rachael M. Rosado's application for benefits.  While the commission's order is, on its face, favorable to TCS's position that the

claim should not be allowed, TCS asserts the commission should have denied the application for lack of jurisdiction, rather than considering and rejecting it on the merits.

Findings of Fact:

{¶ 14} TCS is an Ohio employer participating in the Ohio Workers' Compensation system as a state-fund employer.

{¶ 15} Rosado, in the course and scope of her employment with TCS, alleged injury occurring on October 7, 2016 arising out of a physical interaction with a student.

{¶ 16} Rosado brought claim No. 16-348185 based on the October 7, 2016 incident asserting injuries to her right elbow and shoulder.

{¶ 17} The Ohio Bureau of Workers' Compensation ("BWC") initially allowed the claim for unspecified sprain of right elbow and unspecified sprain of right shoulder joint. (Stip. at 29.)

{¶ 18} TCS appealed and a District Hearing Officer ("DHO") upheld the BWC award. (Stip. at 36.)

{¶ 19} TCS brought a further appeal, and an SHO denied Rosado's application by order mailed July 15, 2017. The SHO considered medical evidence and concluded that Rosado's prior injuries to the same area had not been substantially aggravated by the October 7, 2016 incident:

> It is the finding of the Staff Hearing Officer that the alleged date in this claim, of 10/07/2016, is subsequent to the effective date of Senate Bill 7, which is 08/25/2006. Therefore, the standard of aggravation to be applied in this claim is the standard of a *substantial* aggravation of a pre-existing condition, which requires evidence that documents the *substantial* aggravation by objective diagnostic findings, objective clinical findings or objective test results.
>
> It is the finding of this Staff Hearing Officer that the Claimant failed to submit competent supporting medical evidence to indicate a *substantial* aggravation of her pre-existing right shoulder conditions. The Claimant was treated on 09/08/2016 by an orthopedic surgeon, Dr. Assenmacher and, at that time, she told him that Vicodin, an opioid pain medication "does not even touch her pain."
>
> Furthermore, this Staff Hearing Officer makes note of the fact that neither Dr. Assenmacher nor Dr. Buck have submitted medical statements supporting the Claimant's allegation of a

> subsequent intervening event having occurred in the workplace on 10/07/2016.

(Emphasis sic.) (Stip. at 43.)

{¶ 20} The commission refused Rosado's further appeal in an order mailed on August 5, 2019.  Rosado then pursued a right-to-participate action pursuant to R.C. 4123.512 in the Lucas County Court of Common Pleas, which remained pending at the time the parties presented oral arguments in this case.

{¶ 21} Rosado then filed a new motion for allowance of a condition on November 12, 2019 under the same claim number, presenting a "claim for the right arm injury condition of complex regional pain syndrome as a proximate result of the student altercation occurring on October 7, 2016, in the course and arising out of the injured workers' employment as described in the [prior application]."  (Stip. at 100.)

{¶ 22} The BWC denied the November 12, 2019 application on the basis that the claim had been previously denied.

{¶ 23} Rosado filed her appeal, asserting that complex regional pain syndrome ("CRPS") was a different condition from that alleged in her initial application.

{¶ 24} In an order mailed December 18, 2019, a DHO dismissed Rosado's appeal for lack of jurisdiction based on the denial of Rosado's earlier application for injuries arising out of the same incident.

{¶ 25} Rosado then filed a document before the commission titled "Motion for Reconsideration for Claimant."  (Stip. at 152.)  The commission referred this for an appeal hearing before an SHO, who heard the matter on January 27, 2020.  (Stip. at 185.)  The SHO issued an order mailed January 30, 2020, which begins with the erroneous notation that the hearing officer is sitting as a DHO.  (Stip. at 185.)  The SHO, like the DHO, again refused to address the merits of the matter because the claim had already been denied:

> The Hearing Officer finds that there is no jurisdiction to address any additional allowances in this claim. This claim was disallowed by the Staff Hearing Officer at hearing on 07/10/2017. This claim has now been appealed into Court.

(Stip. at 185.)

{¶ 26} Rosado pursued a further appeal before the commission, which granted reconsideration of the SHO order by order mailed February 28, 2020. (Stip. at 189.) The commission considered that there was sufficient evidence of a clear mistake of law on the part of the SHO because of the SHO's refusal to consider the compensability of a new condition that differed from the condition under consideration when the claim was previously denied.

{¶ 27} The commissioners held a hearing on April 20, 2020. (Stip. at 214.) A majority of the commissioners, in an order issued April 24, 2020, found that the commission had jurisdiction to consider Rosado's CRPS claim despite the commission's previous rejection of her elbow and shoulder sprain claim and Rosado's subsequent right-to-participate action in the court of common pleas. Regarding the clear error of law necessary to support continuing jurisdiction, the commission held:

> Specifically, the Staff Hearing Officer erred in finding the Industrial Commission is without jurisdiction to adjudicate the Claimant's request for additional allowance on a condition that was not addressed when the FROI-1 First Report of an Injury, Occupational Disease or Death in this matter was previously denied by Staff Hearing Officer order, issued 07/15/2017.

(Stip. at 214.)

{¶ 28} The commission then addressed Rosado's CRPS claim, finding that denial of a previous distinct injury arising out of the same occurrence did not preclude pursuit of a new injury claim. The commission quoted *Ward v. Kroger,* 106 Ohio St.3d 35, 2005-Ohio-3560, as follows:

> A claimed right of participation in the fund is not a generic request. There is no such thing as a workers' compensation claim for "an injury" * * * nor is the right to participate an all-encompassing one-time final determination. The grant or denial of the right to participate for one injury or condition does not preclude a subsequent claim for participation in the fund based on another injury or condition arising out of the same industrial accident. But any such claim must be initiated before the Industrial Commission. (Emphasis added.)

(Stip. at 215.)

{¶ 29} The commission concluded that Rosado's claim for right upper extremity sprain previously denied by SHO order, under *Ward*, did not bar consideration of her CRPS condition which "had not yet been diagnosed at the time of the Staff Hearing Officer hearing, and therefore, was not a condition or injury previously considered for participation in the fund." (Stip. at 215.)

{¶ 30} The commission then concluded that pursuant to the medical evidence before it, Rosado's CRPS was "secondary to an inciting injury." (Stip. at 215.) "Because CRPS is a flow-through condition from conditions or injuries previously deemed to not be compensable as it pertains to the inciting 10/07/2016 event, it is the decision of the Commission that CRPS is disallowed in the claim." (Stip. at 215.)

{¶ 31} Rosado then began a new right-to-participate action in the Lucas County Court of Common Pleas from this latest denial of her claim by the commission, leaving TCS to defend two separate actions in that forum.

{¶ 32} TCS filed its complaint for a writ of mandamus in this court on August 17, 2020.

Discussion and Conclusions of Law:

{¶ 33} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 34} The core of TCS's complaint in this matter is that the commission abused its discretion when it exercised jurisdiction to address the merits of a motion for an additional condition in a disallowed claim, when that additional claim was ultimately adjudicated to

be a flow-through condition that could not support separate consideration as a basis for an allowance of compensation.

{¶ 35} TCS asserts that there were procedural irregularities in the hearing process that should mandate a return to the commission for new hearings, that the commission erred when it found that there was a clear mistake of law in the SHO's order, and that because of the duplicative nature of Rosado's CRPS claim, the commission had already lost jurisdiction at the time Rosado filed her initial motion seeking a CRPS claim. As a result of the commission's decision to give the CRPS claim a separate life, TCS complains that it must incur the expense of defending two actions in the court of common pleas, and suffers an increased risk of inconsistent verdicts and adverse verdicts at that level of review.

{¶ 36} The magistrate first concludes that the supposed procedural irregularities complained of during the hearing process had no adverse impact on the parties. There is no allegation that the parties were prevented from presenting evidence or arguing the matter in a manner suitable to any particular level of review when the commission's SHO misstated her status as a DHO when hearing the matter.

{¶ 37} The question of whether there was a sufficient clear error of law that would support continuing jurisdiction and whether *Ward* governs the case are essentially identical. TCS states that the passage of *Ward* cited by the commission is essentially dicta. Since the language cited by the commission appears at the heart of that case, the magistrate is not at liberty to disregard binding precedent from the Supreme Court of Ohio. Furthermore, because *Ward* permits consideration of another condition arising from the same injury-causing incident, the commission is not automatically deprived of jurisdiction to consider such a claim. In the same manner in which a court is always vested with jurisdiction to consider its own jurisdiction, the commission here is always vested with jurisdiction to determine whether the renewed claim represents a different condition from that previously adjudicated or is, as was determined here, a flow-through condition which may not be separately considered. The magistrate sees no mechanism by which the commission could reject out of hand a facially *Ward*-permitted additional claim nor, unfortunately, any summary mechanism by which the commission could reject a patentfully duplicative claim as along as it was technically postured as a separate and additional condition when the second motion was filed by the claimant.

{¶ **38**} For this reason, the magistrate finds that TCS has failed to demonstrate a clear legal right to a writ of mandamus that would order the commission to vacate its order and enter an order determining that the commission lacked jurisdiction ab initio over Rosado's CRPS claim.  It is therefore the magistrate's decision and recommendation that the writ of mandamus should be denied.

/S/ MAGISTRATE
MARTIN L. DAVIS


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).