WARD, APPELLANT, *v.* KROGER COMPANY ET AL., APPELLEES.

[Cite as *Ward v. Kroger Co.,* 106 Ohio St.3d 35, 2005-Ohio-3560.]

(No. 2004–1301—Submitted April 26, 2005—Decided July 27, 2005.)

ALICE ROBIE RESNICK, J.

{¶ 1} On April 26, 2001, claimant-appellant, Howard Ward, injured his right knee in the course of and arising from his employment with appellee Kroger Company, a self-insured employer. Kroger certified the claim for "right knee sprain" but refused to certify the conditions of medial meniscus tear and chondromalacia of the right knee. On November 28, 2001, a district hearing officer allowed the knee sprain but disallowed the latter conditions "by direct causation or aggravation." The order was affirmed by a staff hearing officer, and further appeal was refused by the Industrial Commission.

{¶ 2} Ward appealed to the Jefferson County Court of Common Pleas pursuant to R.C. 4123.512. In his complaint, Ward sought to participate in the Workers' Compensation Fund for medial meniscus tear and chondromalacia of the right knee. However, a month before the scheduled trial date of June 12, 2003, Ward

filed a motion to amend the complaint to add the conditions of aggravation of preexisting degenerative joint disease and aggravation of preexisting osteoarthritis. The trial court granted the motion over Kroger's objection and rescheduled the trial for September 25, 2003. Ward then dismissed his chondromalacia claim, and the cause proceeded to trial by jury on the remaining claims.

{¶ 3} The jury found against Ward on the originally appealed condition, medial meniscus tear, but found that he is entitled to participate in the fund based on the added conditions of aggravation of preexisting degenerative joint disease of the right knee and aggravation of preexisting osteoarthritis of the right knee. The trial court entered judgment upon the verdicts on October 16, 2003.

{¶ 4} The court of appeals reversed the judgment of the trial court on the basis that "the trial court exceeded its jurisdiction by permitting the employee to amend his complaint to add these two conditions, which were never presented to the administrative body." In so doing, the court of appeals held that in an appeal to common pleas court under R.C. 4123.512, "the scope of the trial is limited to the condition ruled upon below." (Emphasis deleted.)

{¶ 5} The cause is now before this court upon the acceptance of a discretionary appeal.

{¶ 6} The issue presented for our review is whether the scope of an R.C. 4123.512 appeal is limited to the medical conditions addressed in the order from which the appeal is taken.

{¶ 7} The district courts of appeals are split on this issue. Some courts hold that an R.C. 4123.512 plaintiff may amend his or her complaint in common pleas court to add conditions that were not presented to or addressed by the Industrial Commission. These courts reason that an R.C. 4123.512 appeal is a de novo determination of fact and law, and, therefore, the claimant is not limited to the record in the administrative proceedings. They point out that R.C. 4123.512 provides for the application of the Civil Rules, which freely permit amendment of issues and claims, and that R.C. 4123.95 requires a liberal construction of the statute in favor of claimants. They also note that the statute authorizes the taking of depositions and other discovery, which suggests that the General Assembly contemplated that additional evidence might surface in the court of common pleas and intended, in the interest of judicial economy, to allow for the litigation of new conditions. Moreover, they observe, the statute does not proscribe the assertion of alternative bases for participation in the fund at the judicial level. Thus, the broad issue of the right to participate encompasses any additional injuries that might be revealed by the evidence in the judicial proceedings. See, e.g., *Reed v. MTD Prod., Inc.* (1996), 111 Ohio App.3d 451, 458–460, 676 N.E.2d 576; *Williams v. Harsco Corp.* (1994), 94 Ohio App.3d 441, 446–447,

640 N.E.2d 1193; *Grant v. Ohio Dept. of Liquor Control* (1993), 86 Ohio App.3d 76, 81–83, 619 N.E.2d 1165.

{¶ 8} Other courts, including the court of appeals in this case, hold that a claimant is precluded from litigating a new or different condition at trial in the court of common pleas. These courts essentially reason that the character of the trial as de novo means only that new evidence may be presented with regard to the appealed condition, not that evidence of a new condition may be presented for the first time on appeal. They view the order appealed as framing the jurisdiction of the common pleas court, finding that the claimant must first present all alleged conditions before the administrative body and that only the conditions adjudicated by the administrative order are properly before the court of common pleas. See *Hausch v. Alside* (1998), 129 Ohio App.3d 362, 717 N.E.2d 1121; *Blake v. Mihm* (Aug. 23, 1995), 9th Dist. No. 17043, 1995 WL 499782. See, also, *Dunn v. Mayfield* (1990), 66 Ohio App.3d 336, 340, 584 N.E.2d 37 (additional evidence allowed on claim asserted below, with implication that evidence on new claim would not be allowed); *Williams v. Timken Co.* (Oct. 1, 1984), 5th Dist. No. CA–6346, 1984 WL 3906; *Mims v. Lennox–Haldeman Co.* (1964), 8 Ohio App.2d 226, 228–229, 31 O.O.2d 357, 199 N.E.2d 20 ("When a claimant appeals from an order of the Industrial Commission * * *, it must be presupposed that the issue decided adversely to the claimant before the Industrial Commission is the only issue before the Court of Common Pleas").

{¶ 9} We find that the latter courts come closer to the mark, although their reasoning requires some amplification. The requirement that workers' compensation claims be presented in the first instance for administrative determination is a necessary and inherent part of the overall adjudicative framework of the Workers' Compensation Act. Under R.C. 4123.512(A), "[t]he claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas * * *." To this extent, the statute clearly contemplates the general nonappealability of commission orders and, in the case of claims for initial allowance, withholding judicial review until after the claim runs the gamut of successive administrative hearings provided for under R.C. 4123.511.

{¶ 10} Allowing consideration of the right to participate for additional conditions to originate at the judicial level is inconsistent with this statutory scheme because it usurps the commission's authority as the initial adjudicator of claims and casts the common pleas court in the role of a claims processor. A claimed right of participation in the fund is not a generic request. There is no such thing as a workers' compensation claim for "an injury." A workers' compensation claim is simply the recognition of the employee's right to participate in the fund

for a specific injury or medical condition, which is defined narrowly, and it is only for that condition, as set forth in the claim, that compensation and benefits provided under the act may be payable. Nor is the right to participate an all-encompassing one-time final determination. The grant or denial of the right to participate for one injury or condition does not preclude a subsequent claim for participation in the fund based on another injury or condition arising out of the same industrial accident. But any such claim must be initiated before the Industrial Commission. Unlike tort actions, workers' compensation cases are open and ongoing, subject to the continuing jurisdiction of the administrative agencies. See R.C. 4123.52 (generally allowing the filing of claims up to six years after injury).

{¶ 11} Clearly, then, each injury or condition that is alleged to give the claimant a right to participate in the Workers' Compensation Fund must be considered as a separate claim for purposes of R.C. 4123.511 and 4123.512, and each such claim must proceed through the administrative process in order to be subject to judicial review. Thus, as aptly explained by the court of appeals, "order is lost, fairness is jeopardized, and the statutory framework is destroyed when the administrative process is merely used as a conduit to get the first claim to the trial court (win or lose) in order to raise other conditions for the first time in the trial court after bypassing the administrative process." Simply put, R.C. 4123.512 provides a mechanism for judicial review, not for amendment of administrative claims at the judicial level.

{¶ 12} Moreover, a broader interpretation of the statute does not in this instance constitute a liberal construction in favor of claimants for purposes of R.C. 4123.95. To the contrary, it could create a potential pitfall under which claimants may actually be forced to request or waive the allowance of all discoverable conditions in a single R.C. 4123.512 proceeding. In fact, it is Ward, the claimant in this case, who proposes that an R.C. 4123.512 plaintiff "is required to litigate all conditions which were ascertainable at the time of the filing of the administrative action from which the R.C. 4123.512 [appeal] originated."

{¶ 13} In this regard, Ward urges us to follow the Tenth District's decision in *Robinson v. AT & T Network Systems,* 10th Dist. No. 02AP–807, 2003-Ohio-1513, 2003 WL 1563856. In that case, the court held that a claimant who failed to appeal the Industrial Commission's denial of an earlier claim for allowance of degenerative disc disease at L4–5 and L5–S1 was barred by res judicata from bringing a subsequent claim in common pleas court for aggravation of preexisting degenerative disc disease at L4–5 and L5–S1. According to Ward, *Robinson* "mandates that [a claimant] litigate all issues relating to the same body part in one proceeding or trial." Thus, Ward contends that under the holding in

*Robinson,* he was required to include the aggravation conditions in his appeal to the court of common pleas. We disagree.

{¶ 14} The holding in *Robinson* is limited to the situation in which a claimant obtains an allowance of a particular claim for a particular body part, does not appeal the order to the common pleas court, and then seeks the administrative allowance of an additional claim for the same injury to the same body part, but on a different theory. The court found that an employee who presents a claim for a certain condition as directly caused by an injury must also present at the same time any claim he or she may have that the *same condition* preexisted and was aggravated by the employee's employment. Nothing in *Robinson* suggests that a claimant is required to litigate *distinct conditions* in a single proceeding merely because they affect or involve the same body part.

{¶ 15} In this case, it is undisputed that the conditions for which Ward originally sought a right to participate, though denied by the Industrial Commission "by direct causation or aggravation," are different from the conditions added on appeal upon which he ultimately prevailed at trial. In other words, the conditions of medial meniscus tear and chondromalacia (whether directly caused or aggravated by Ward's employment) are distinct from the conditions of aggravation of preexisting degenerative joint disease and osteoarthritis. Thus, regardless of whether Ward raised these latter conditions at trial, *Robinson* would not apply to prevent him from going back to the administrative agencies and requesting their allowance.[1]

{¶ 16} On the other side of the same coin, appellee Bureau of Workers' Compensation argues that Ward *waived* the right to request an allowance of the added conditions because he did not pursue them administratively. In support, the bureau relies on cases in which a workers' compensation or other administrative litigant was held to have waived an issue at the judicial level that he or she failed to raise during the administrative proceedings. The argument is flawed, however, since Ward's requests to participate for the added conditions are not "issues" in his original claims, but separate claims in their own right.

{¶ 17} We hold that the claimant in an R.C. 4123.512 appeal may seek to participate in the Workers' Compensation Fund only for those conditions that were addressed in the administrative order from which the appeal is taken.

{¶ 18} Accordingly, the judgment of the court of appeals is hereby affirmed.

Judgment affirmed.

---

1. Since we have found *Robinson* to be distinguishable, we express no opinion as to whether that case was correctly decided. Specifically, we do not address the issue whether a claim for a certain condition by way of direct causation must necessarily include a claim for aggravation of that condition for purposes of either R.C. 4123.512 or res judicata.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

George M. Sarap; Ward, Kaps, Bainbridge, Maurer & Melvin and Thomas H. Bainbridge, for appellant.

Hanlon, Duff, Estadt & McCormick Co., L.P.A., Erik A. Schramm, and Gerald P. Duff, for appellee Kroger Company.

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, Todd R. Marti, Assistant Solicitor, and Dennis H. Behm, Assistant Attorney General, for appellee Ohio Bureau of Workers' Compensation.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.