Lanzinger, J.
{¶ 1} In this discretionary appeal, we address an issue left open in an earlier case: “whether a claim for a certain condition by way of direct causation must necessarily include a claim for aggravation of that condition for purposes of either R.C. 4123.512 or res judicata.” Ward v. Kroger Co., 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155, ¶ 15, fn. 1 (the claimant in an R.C. 4123.512 appeal may seek to participate in the workers’ compensation fund only for those conditions that were addressed in the administrative order from which the appeal is taken).
{¶ 2} For the reasons that follow, we hold that (1) because aggravation of a preexisting medical condition is a type of causation, it is not a separate condition or distinct injury as defined in R.C. 4123.01 and (2) an appeal taken pursuant to R.C. 4123.512 allows the claimant to present evidence on any theory of causation pertinent to a claim for a medical condition that already has been addressed administratively.
*115 Facts and Procedural History
{¶ 3} On September 11, 2003, Joseph A. Starkey, while working as a service technician for Builders FirstSouree Ohio Valley, L.L.C. (“Builders”), felt pain in his left hip as he leaned back and turned to his right to avoid being knocked off a ladder while installing a window. He filed a claim with the Bureau of Workers’ Compensation (“BWC”), which allowed his claim for “sprain hip & thigh, left; sprain lumbosacral; enthesopathy of left hip; tear left hamstring; glenoid labrum tear of left hip; venous embolism deep vein thrombosis left leg; and degenerative joint disease left hip.”
{¶ 4} On December 9, 2005, he moved to amend his claim to include “degenerative osteoarthritis of the left hip.” A district hearing officer allowed the amended claim, stating, “ ‘[Degenerative osteoarthritis of the left hip’ is causally related to and the result of the injury of record.” A staff hearing officer affirmed the allowance, and the Industrial Commission declined further review.
{¶ 5} Builders then appealed to the Hamilton County Common Pleas Court, challenging Starkey’s right to participate in the workers’ compensation fund for “degenerative osteoarthritis of the left hip,” and pursuant to R.C. 4123.512, Starkey filed a corresponding complaint. In preparation for trial, Builders deposed Starkey’s treating physician, Dr. John Gallagher, who testified that Starkey suffered from degenerative osteoarthritis of the left hip and that his work-related injury “directly aggravated” his preexisting osteoarthritis. Builders’ medical expert, Dr. Thomas Bender, also concluded that Starkey had aggravated a preexisting condition.
{¶ 6} When Starkey rested his case, Builders moved for dismissal, arguing that because a claimant may seek to participate in the workers’ compensation fund in the common pleas court only for those conditions addressed in the administrative order, and because Starkey asserted a new condition on appeal — aggravation of degenerative osteoarthritis of the left hip — he could not participate in the fund for that condition. The trial court agreed and entered judgment for Builders, stating that “a claim for aggravation of a preexisting condition is a claim separate and distinct from a claim for that underlying condition itself, and administrative action on one such claim does not without more trigger Common Pleas Court jurisdiction to consider the other.”
{¶ 7} The First District Court of Appeals reversed the order of the common pleas court, observing that Starkey had presented claims for the same medical condition — degenerative osteoarthritis — both administratively and in common pleas court and that by arguing aggravation of degenerative osteoarthritis in the common pleas court, he merely changed the type of causation. The court further determined that because Builders’ expert, Dr. Bender, also diagnosed preexisting degenerative osteoarthritis, “there was no ambush by Starkey’s counsel.” 187 *116 Ohio App.3d 199, 2010-Ohio-1571, 931 N.E.2d 633, ¶ 31. Accordingly, the appellate court concluded that Starkey could participate in the fund for degenerative osteoarthritis based on evidence that his work-related injury had aggravated his preexisting medical condition.
{¶ 8} On appeal to this court, Builders, citing Plotner v. Family Dollar Stores, 6th Dist. No. L-07-1287, 2008-Ohio-4035, 2008 WL 3198710, argues that a claim that a work-related injury caused a medical condition does not include a claim that an injury aggravated a preexisting medical condition, because they involve separate conditions “with differing medical and legal criteria” and thus constitute different claims. Builders further argues that because a claimant cannot seek to participate in the fund on appeal for a condition that has not been presented to the Industrial Commission, Starkey’s aggravation claim should not have been raised for the first time in the common pleas court. Thus, Builders maintains that the dismissal was proper.
{¶ 9} Starkey and the BWC do not dispute that a common pleas court may consider only those medical conditions that have first been considered at the administrative level, but assert that “aggravation” refers to the manner in which a medical condition is causally connected to a work-related injury and does not refer to a separate medical condition. Accordingly, they argue that even if a claimant alleges aggravation of a preexisting medical condition for the first time in common pleas court, the condition remains the same, and thus the common pleas court is authorized to consider the new theory of causation on appeal. Starkey and the BWC also contend that a claimant need not raise a specific theory of causation at the administrative level, because the parties have an opportunity to present new evidence of causation in the common pleas court to the extent that it pertains to the medical condition considered administratively. Accordingly, Starkey and the BWC contend that the court of appeals properly reversed the judgment in favor of Builders.
{¶ 10} Thus, the issue presented for our review is whether a workers’ compensation claim alleging that a work-related injury caused a medical condition encompasses a claim that the same injury aggravated a preexisting medical condition or whether each theory of causation presents a separate claim that must first be considered at the administrative level.
Law and Analysis
{¶ 11} This case allows us to consider an issue left open in Ward v. Kroger Co., 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155. In Ward, we considered whether an R.C. 4123.512 appeal “is limited to the medical conditions addressed in the order from which the appeal is taken.” Id. at ¶ 6. We held that a “claimant in an R.C. 4123.512 appeal may seek to participate in the Workers’ Compensation Fund only for those conditions that were addressed in the administrative order *117 from which the appeal is taken.” Id. at syllabus. We resolved Ward on the basis that the claimant had raised new conditions on appeal that had not been raised administratively and therefore were not subject to judicial review.
{¶ 12} However, in a footnote in Ward, we declined to address “whether a claim for a certain condition by way of direct causation must necessarily include a claim for aggravation of that condition for purposes of either R.C. 4123.512 or res judicata.” Id. at ¶ 15, fn. 1. This case allows us to resolve that issue.
{¶ 13} Builders relies on the argument that because the proof necessary to demonstrate direct causation differs from that needed to establish aggravation of a preexisting medical condition, each theory of causation presents a separate claim that must first be considered at the administrative level. See Davidson v. Bur. of Workers’ Comp., 2d Dist. No. 21731, 2007-Ohio-792, 2007 WL 585774, at ¶27. In other words, a common pleas court may not consider evidence of aggravation of preexisting degenerative osteoarthritis in an R.C. 4123.512 appeal even though the condition of degenerative osteoarthritis as a work-related injury was heard by the staff hearing officer at the Industrial Commission.
{¶ 14} The workers’ compensation statutes do not define the term “condition,” although we stated in Ward at ¶ 10: “A workers’ compensation claim is simply the recognition of the employee’s right to participate in the fund for a specific injury or medical condition, which is defined narrowly, and it is only for that condition, as set forth in the claim, that compensation and benefits provided under the act may be payable.” (Emphasis added.) The word “injury,” however, is defined in R.C. 4123.01(C) as “any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee’s employment.” An injury requires physical harm or a medical condition documented by the evidence. Malone v. Indus. Comm. (1942), 140 Ohio St. 292, 23 O.O. 496, 43 N.E.2d 266, overruled on other grounds, Village v. Gen. Motors Corp. (1984), 15 Ohio St.3d 129, 15 OBR 279, 472 N.E.2d 1079 (“injury” encompasses physical or traumatic damage or harm).
{¶ 15} Claimants, therefore, must submit a medical diagnosis of an injury at the administrative level to prevail. In this case, Starkey provided evidence of his injury, degenerative osteoarthritis. He also was required to establish a causal connection between the documented physical harm and the industrial injury for it to be compensable. Among the types of causation, Ohio law recognizes direct causation, aggravation of a preexisting condition, repetitive trauma, and flow-through. Fox v. Indus. Comm. (1955), 162 Ohio St. 569, 55 O.O. 472, 125 N.E.2d 1; Schell v. Globe Trucking, Inc. (1990), 48 Ohio St.3d 1, 548 N.E.2d 920; Lewis v. Trimble (1997), 79 Ohio St.3d 231, 680 N.E.2d 1207; Village v. Gen. Motors, 15 Ohio St.3d 129, 15 OBR 279, 472 N.E.2d 1079.
*118 {¶ 16} At the administrative level, the hearing officer is not limited to the type of causation a claimant argues. The Industrial Commission Hearing Officer’s Manual (2010), Section S — 11, specifically requires the hearing officer to consider evidence of both direct causation and aggravation as potential causes for a condition.[1] http://www.ohioic.com/policies/hearofficermanual/hom.pdf.
{¶ 17} In applying the statutory requirements, we remain mindful that the workers’ compensation statutes should be liberally construed in favor of employees. R.C. 4123.95. The ultimate question in a workers’ compensation appeal is the claimant’s right to participate in the fund for an injury received in the course of, and arising out of, the claimant’s employment. As long as the injury has a causal connection — whether direct or aggravated — to the claimant’s employment, the claimant is entitled to benefits.
{¶ 18} We therefore agree with the courts that have held that a claimant is not required to advance a specific theory of causation at the administrative level if he or she wishes to use that theory in the trial court, because R.C. 4123.512 allows for introduction of new evidence, provided that it relates to the same medical condition or injury. McManus v. Eaton Corp. (May 16, 1988), 5th Dist. No. CA-7346, 1988 WL 48598 (aggravation of a previously ruptured disc is not a different injury from a ruptured disc); Plaster v. Elbeco, Inc., 3d Dist. No. 3-07-06, 2007-Ohio-5623, 2007 WL 3052773 (causation of disc herniation was not a new condition); Bright v. E. & C. Lyons (Sept. 30, 1993), 11th Dist. No. 93-G-1753, 1993 WL 407361 (the evidence is admissible when new theory of recovery is offered to advance new theory of causation, not new injury); Torres v. Gen. Motors Corp., C.P.C. Group (Nov. 21, 1991), 8th Dist. No. 59122, 1991 WL 243632 (consideration of aggravation was proper when a single disc injury was claimed); Robinson v. AT & T Network Sys., 10th Dist. No. 02AP-807, 2003-Ohio-1513, 2003 WL 1563856, ¶ 16 (“advancing a new theory of causation is not tantamount to trying to prove a new injury”).
{¶ 19} On an R.C. 4123.512 appeal from the Industrial Commission’s order, although the proceeding is de novo, the decision for the common pleas court is the *119 claimant’s right to participate in the fund for a specific injury, not for a specific type of causation. As we explained in Ward, “Under R.C. 4123.512(A), [t]he claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas * * *.’ ” 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155, ¶ 9.
Conclusion
{¶ 20} In Ward, we did not answer whether a claim for a certain condition by way of direct causation must necessarily include a claim for aggravation of that condition. To comply with R.C. 4123.95’s mandate to construe the workers’ compensation statutes liberally in favor of employees, we now answer affirmatively-
Judgment affirmed.
O’Connor, C.J., and Pfeifer, Lundberg Stratton, Cupp, and McGee Brown, JJ., concur.
O’Donnell, J., dissents.

. Section S-ll provides: “If there is evidence on file or presented at hearing to support both the theories of direct causation, or aggravation (date of injury or disability prior to August 25, 2006)/substantiaI aggravation (date of injury or disability on or after August 25, 2006), a request to allow a condition in a claim is to be broadly construed to cover either theory of causation (i.e. direct vs. aggravation/substantial aggravation). The Hearing Officer must address the origin of the condition under both theories of causation without referring the claim back to the prior hearing level or the BWC. Where new evidence regarding an alternative theory of causation is submitted by any party, Hearing Officers and/or Hearing Administrators shall ensure that all parties are given adequate opportunity to obtain evidence in support of their position by continuing the hearing for a period of at least thirty (30) days, unless the parties agree that less time is sufficient for obtaining the necessary evidence. The Hearing Officers and/or Hearing Administrators shall state in their compliance letter or order the period of time required to obtain the necessary evidence.”