[Cite as *Brannon v. Buehrer*, 2013-Ohio-700.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98711

---

# HERBERT BRANNON, JR.

### PLAINTIFF-APPELLANT

vs.

# STEVE BUEHRER, ADMINISTRATOR, ET AL.

### DEFENDANTS-APPELLEES

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-763382

**BEFORE:**    Kilbane, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 28, 2013

**ATTORNEY FOR APPELLANT**

Alan I. Goodman
55 Public Square
Suite 1300
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEES**

**For Bureau of Workers' Compensation**

Mike DeWine
Ohio Attorney General
Frank J. Mamana
Assistant Attorney General
State Office Building - 11th Floor
615 Superior Avenue, N.W.
Cleveland, Ohio 44113

**For Greater Cleveland R.T.A.**

Dawn M. Tarka
Associate Counsel G.C.R.T.A.
6th Floor, Root-McBride Building
1240 West 6th Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Plaintiff-appellant, Herbert Brannon, Jr. ("Brannon"), appeals the trial court's decision granting summary judgment in favor of defendant-appellee, Greater Cleveland Regional Transit Authority ("RTA"). For the reasons set forth below, we affirm.

{¶2} Brannon worked as a bus driver for RTA from 1993 to 1996 and from 2001 to 2009. Brannon then worked as a rapid transit operator for RTA until February 2010, when he retired under his disability pension because of his chronic obstructive pulmonary disease ("COPD"). Brannon also worked as a bus and street car operator in Pennsylvania from 1972-1979, in Texas from 1986-1993, and in Florida from 1996-2001. Brannon smoked cigarettes from 1968 to approximately 1989, before he quit. A pack of cigarettes would last him three to four days.

{¶3} Brannon was diagnosed with asthma in 1999, and in 2008 Brannon was diagnosed with COPD. Brannon filed a claim for occupational disease with the Bureau of Workers' Compensation, stating that his exposure to fumes, dust, and dirty air while driving buses for RTA and while in the RTA bus garages caused him to develop COPD. Brannon's claim was denied. Consequently, Brannon appealed the denial to a District Hearing Officer. Following a hearing, the District Hearing Officer denied his claim, finding that he "did not sustain an occupational disease in the course of and arising out of

employment." The District Hearing Officer further found that Brannon "through counsel has specifically requested that the medical condition under consideration for today's hearing is [COPD] by way of direct causation [to] work exposures." Brannon then appealed this decision to a Staff Hearing Officer, who also denied his claim. The Staff Hearing Officer found Dr. Terrance Kilroy's ("Dr. Kilroy") statement that Brannon's work environment "exacerbated" his symptoms, "does not reach the necessary level of medical certainty and probability and is not consistent with [Brannon's] assertion that the [COPD] was a direct result of [his] work activity and work environment, as opposed to a pre-existing condition that was adversely affected." Brannon then appealed this decision to the Industrial Commission of Ohio, and in its findings, which were mailed to Brannon, the Industrial Commission refused to hear his appeal.

{¶4} Brannon filed an appeal to the common pleas court, which was dismissed without prejudice in September 2010. Brannon then filed a new complaint in the matter in September 2011. RTA filed a motion for summary judgment and argued that Brannon had no medical expert who would testify that his work conditions directly caused his COPD. RTA also argued that Brannon could not demonstrate substantial aggravation of preexisting COPD because exposure to bus fumes and dust does not constitute an occupational disease under Ohio law and there was no medical evidence to substantiate that any alleged aggravation was "substantial." In opposition, Brannon asserted the facts of this case and the medical reports establish that his work conditions caused his COPD to develop or resulted in a substantial aggravation of his preexisting asthma condition.

RTA supplemented its motion for summary judgment and argued to the extent that Brannon sought to recover for "various conditions" other than COPD, his complaint must be dismissed because his "asthma condition" was not adjudicated by the Industrial Commission. As a result, RTA claimed that the trial court lacked subject matter jurisdiction over Brannon's appeal for the asthma condition. In July 2011, the trial court granted RTA's motion for summary judgment. The trial court stated in pertinent part:

> A plaintiff may participate in the Workers['] Compensation System if the plaintiff shows that in the course of and arising out of his employment he contracted an occupational disease or substantially aggravated or accelerated a preexisting condition. Additionally, a court only has subject matter jurisdiction over issues addressed in the administrative order from which the appeal is taken. *See* [*Ward v. Kroger Co.*, 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1115]. [Brannon's] failure to exhaust administrative remedies for asthma and bronchitis precludes him from offering evidence to this court that his work experience caused or substantially aggravated any condition other than chronic obstructive pulmonary disease.
>
> In the case presently before the court [Brannon] alleges that his exposure to diesel fumes, dust, and dirt as well as high temperatures while employed as a bus driver for [RTA] caused him to develop chronic obstructive pulmonary disease (COPD). It is undisputed that [Brannon] has suffered from asthma and other respiratory conditions since 1999. [Brannon's] diagnosis as referenced in multiple reports indicate that the [Brannon's] work environment as a bus driver exacerbated his symptoms, substantially aggravated his underlying bronchiospastic disease, worsened his asthmatic condition, and most probably converted his underlying asthma to COPD. At no time does the expert opine that exposure to diesel fumes, dirt, dust, and changing environmental temperatures caused [Brannon] to develop COPD. Likewise, [Brannon's] expert failed to submit a report demonstrating the exposure to the fumes, dirt, and dust substantially aggravated [Brannon's] COPD. * * * As such [RTA] is entitled to judgment as a matter of law.

**{¶5}** It is from this order that Brannon appeals, raising the following single assignment of error for review.

ASSIGNMENT OF ERROR

> The court erred in granting [RTA's] motion for summary judgment as there were substantial questions of fact regarding the causation of [Brannon's COPD] and/or aggravation of the same, thus precluding the lower court's action.

**{¶6}** We review an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998). In *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, the Ohio Supreme Court set forth the appropriate test as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264, 273-274.

**{¶7}** Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio

St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

{¶8} Brannon argues that the record from his physician, Dr. Kilroy, creates a question of fact as to whether his claim should be recognized for COPD. Specifically, he relies on letters written by Dr. Kilroy. In a letter dated September 25, 2008, Dr. Kilroy writes:

> Mr. Brannon has been my patient since 2004 and carries the diagnosis of asthmatic bronchitic type COPD. Despite not smoking for at least the last 4-5 years[,] he continues to exhibit cough, wheeze and shortness of breath on a daily basis. * * * His pulmonary function tests demonstrate significant obstruction with a chest x-ray consistent with COPD. His work environment as a bus driver continues to exacerbate his symptoms due to his daily exposure to fumes from natural gas and diesel along with variations in temperature and humidity. I believe his work exposures are directly worsening his disease process and he is unable to continue his current occupation.

{¶9} In Dr. Kilroy's letter dated October 12, 2008, he writes, "Mr. Herbert Brannon has been my patient since 200[4]. His occupation as a bus driver and his exposure to diesel and gas fumes *substantially aggravated* his underlying bronchospastic disease and most probably converted his underlying asthma to COPD." (Emphasis sic.) In a letter dated January 15, 2009, Dr. Kilroy writes:

> Mr. Brannon has been my patient since 2004 when he came to see me because of a preexisting asthmatic condition. Mr. Brannon has reported to me that his condition has gotten worse since he began to drive a bus for [RTA]. * * * He indicated that he was diagnosed with asthma in 2003 by Dr. George Matthews. He indicated that he drives a bus with compressed natural gas fumes and that the buses are not always properly tuned and he has had breathing difficulty even with his medication and inhalers while

driving his route.   He is also exposed to a good deal of diesel fumes in the garage when he starts and finishes his route.   * * * He reports that his condition has continued to get worse.

It is my opinion, based on reasonable degree of medical certainty, his work environment as a bus driver exacerbates his symptoms due to his daily exposure to fumes from natural gas and diesels along with variations in temperature and humidity.   It is further my belief, to a reasonable degree of medical certainty, that his work exposure directly worsened his asthmatic condition and bronchospastic disease to the point that he now has [COPD].

**{¶10}** Brannon contends Dr. Kilroy's reports satisfy the requirements of R.C. 4123.01(C)(4), which provides that:

"Injury" includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment.   "Injury" does not include * * * [a] condition that pre-existed an injury unless that pre-existing condition is substantially aggravated by the injury.   Such a substantial aggravation must be documented by objective diagnostic findings, objective clinical findings, or objective test results.   Subjective complaints may be evidence of such a substantial aggravation.   However, subjective complaints without objective diagnostic findings, objective clinical findings, or objective test results are insufficient to substantiate a substantial aggravation.

**{¶11}** Brannon argues that his working conditions substantially aggravated his preexisting asthma and converted his asthma into COPD.   However, the Ohio Supreme Court has stated that:   "[t]he claimant in an R.C. 4123.512 appeal may seek to participate in the Workers' Compensation Fund only for those conditions that were addressed in the administrative order from which the appeal is taken."   *Ward v. Kroger Co.*, 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155, syllabus.   The *Ward* court reasoned that:

Allowing consideration of the right to participate for additional conditions to originate at the judicial level is inconsistent with this statutory scheme because it usurps the commission's authority as the initial adjudicator of claims and casts the common pleas court in the role of a claims processor.

* * * A workers' compensation claim is simply the recognition of the employee's right to participate in the fund for a specific injury or medical condition, which is defined narrowly, and it is only for that condition, as set forth in the claim, that compensation and benefits provided under the act may be payable. * * * [E]ach injury or condition that is alleged to give the claimant a right to participate in the Workers' Compensation Fund must be considered as a separate claim for purposes of R.C. 4123.511 and 4123.512, and each such claim must proceed through the administrative process in order to be subject to judicial review. *Id.* at ¶ 10-11.

{¶12} Here, Brannon expressly limited his workers' compensation claim to the condition of COPD. At the hearing before the District Hearing Officer, the officer asked if Brannon was also pursuing the asthma condition or substantial aggravation of asthma. Brannon's counsel replied, "[o]f his asthma, no, not at this point." Brannon's counsel further stated, "[m]y request is either COPD or aggravation of COPD." As a result, the trial court was precluded from considering evidence that Brannon's work experience caused or substantially aggravated any condition other than COPD.

{¶13} We recognize that to establish the right to participate in the Workers' Compensation Fund, a claimant has always had to show by

> a preponderance of the evidence, medical or otherwise, not only that his injury arose out of and in the course of his employment, but also that a direct or proximate causal relationship existed between his injury and his harm or disability. (*Fox v. Indus. Comm.*, 162 Ohio St. 569, [(1955)] approved and followed.)

*White Motor Corp. v. Moore*, 48 Ohio St.2d 156, 357 N.E.2d 1069 (1976), paragraph one of the syllabus.

{¶14} A recent decision by the Ohio Supreme Court, however, enables Brannon to argue that his work exposure substantially aggravated the preexisting COPD. *Starkey v.*

*Builders FirstSource Ohio Valley, L.L.C.*, 130 Ohio St.3d 114, 2011-Ohio-3278, 956 N.E.2d 267, ¶ 2 (where the court held that: "[b]ecause aggravation of a preexisting medical condition is a type of causation, it is not a separate condition or distinct injury as defined in R.C. 4123.01.  * * * An appeal taken pursuant to R.C. 4123.512 allows the claimant to present evidence on any theory of causation pertinent to a claim for a medical condition that already has been addressed administratively."  *Id.* at paragraphs one and two of the syllabus.)

{¶15} In the instant case, Brannon's COPD claim fails under both theories — direct causation and substantial aggravation.  None of the letters by Brannon's expert, Dr. Kilroy, opine that Brannon's work directly caused his COPD.  Instead, Dr. Kilroy's letters discuss the symptoms of Brannon's asthma, a condition that Brannon elected not to pursue.  The letters state that Brannon's work exposures:  "exacerbated his symptoms," "substantially aggravated his underlying bronchospastic disease and most probably converted his underlying asthma to COPD," and "worsened his asthmatic condition and bronchospastic disease to the point that he now has [COPD]."

{¶16} Furthermore, none of Dr. Kilroy's letters opine that Brannon's work substantially aggravated his COPD.  A compensable injury does not include a condition that preexisted the injury unless the "pre-existing condition is substantially aggravated by the injury.  Such a substantial aggravation must be documented by objective diagnostic findings, objective clinical findings, or objective test results."  R.C. 4123.01(C)(4).  Dr. Kilroy never cited any objective medical evidence that Brannon's "preexisting COPD"

had been substantially aggravated by his work exposures. Rather, Dr. Kilroy opined that Brannon's work exposures substantially aggravated his "underlying bronchospastic disease and asthma." Thus, based on the foregoing, no genuine issues of material fact existed and RTA was entitled to judgment as a matter of law. Accordingly, the trial court properly granted summary judgment in RTA's favor.

{¶17} The sole assignment of error is overruled.

{¶18} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR