[Cite as *Fowler v. Indian River Juvenile Corr. Facility*, 2021-Ohio-4422.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CANDIACE L. FOWLER, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| INDIAN RIVER JUVENILE | : | Case No. 2021CA00021 |
| CORRECTIONAL FACILITY, *et al.*, | : | |
| | : | |
| Defendants - Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court
                             of Common Pleas, Case
                             No. 2020CV00584


JUDGMENT:                    Reversed and Remanded


DATE OF JUDGMENT:            December 16, 2021


APPEARANCES:

For Plaintiff-Appellant                For Defendants-Appellees

MITCHELL A. STERN                      DAVID YOST
SHANNON E. KREUER                      Ohio Attorney General
CHRISTOPHER D. CASPARY
Law Offices of Mitchell A. Stern       By: SARAH E. THOMAS
27730 Euclid Avenue                    Assistant Attorney General
Cleveland, Ohio 44132                  Workers' Compensation Section
                                       State Office Building – 11th Floor
                                       615 West Superior Avenue
For Defendant-Appellee Indian River    Cleveland, Ohio 44113-1899

THOMAS M. SAXER
Amer Cunningham Co. L.P.A.
One Cascade Plaza
Suite 1510
Akron, Ohio 44308-1322

*Baldwin, P.J.*

{¶1}    Appellee, Candiace Fowler, appeals the decision of the Stark County Court of Common Pleas granting Indian River Juvenile Correctional Facility's motion for summary judgment thus preventing Fowler from participating in the Workers' Compensation Fund for a claim of substantial aggravation of pre-existing major depressive disorder, single episode, moderate.  Indian River and the Bureau of Workers' Compensation are appellees.

## STATEMENT OF FACTS AND THE CASE

{¶2}    Appellant, Candiace Fowler, is an employee of appellee, Indian River Correctional Facility, first hired in 2001 as a correctional officer.  In April 2016, while supervising facility residents, she intervened in a physical conflict.  While attempting to end the fight, she was taken to the floor, struck and injured her right knee.  She filed a workers' compensation claim and was permitted to participate in the Workers' Compensation Fund for a contusion and substantial aggravation of pre-existing osteoarthritis in her right knee. After conservative treatment of the injury, Fowler underwent a surgical repair in March 2018.

{¶3}    On January 10, 2018 Fowler filed a motion with the Bureau of Workers' Compensation (BWC) to amend her claim to include substantial aggravation of pre-existing major depressive disorder, single episode, moderate, allegedly caused by the injury to her knee in April 2016. Her request was ultimately rejected on June 7, 2018 and she filed an appeal with the Stark County Court of Common Pleas including the BWC and Indian River Correctional Institute as parties to the action. [1]

---

[1] Fowler dismissed this matter without prejudice in April 2019 and refiled a complaint in March 2020.

**{¶4}**   Indian River and the BWC responded, contending that Fowler's claim should not be granted. In support of its position, Indian River offered the February 9, 2018 opinion of Nicole Leisgang, Psy.D. who concluded that "* * * her comments during this evaluation suggest that her depressed symptomatology is a product of a stressful work environment. For example, she noted 'I've seen a lot of trauma there . . . my guard's up.' Further, there is no objective evidence (e.g., medication change) which would be indicative of a substantial aggravation." (Notice of Expert Disclosure, Apr. 16, 2020, Exhibit A, p. 8-9) That same report contains the following question and response:

**3. Does the medical evidence in the file, your evaluation, and the subjective and/or objective findings support the diagnosis of the requested condition(s) according to the DSM-IV criteria?**

Examination findings are supportive of the requested condition. The injured worker's clinical presentation was indicative of emotional difficulty. She produced a valid MMPI-2 profile which was also indicative of significant nervous and depressed symptomatology. There was no indication of symptom magnification.

(Notice of Expert Disclosure, Apr. 16, 2020, Exhibit A, p. 8).

**{¶5}**   Fowler submitted the August 23, 2017 opinion of Cheryl Benson-Blankenship, Ph,D. who concluded that Fowler was suffering from a substantial aggravation of pre-existing major depressive disorder, single episode, moderate based upon her analysis of the information provided and her clinical examination of Fowler.

**{¶6}**   Indian River conducted a deposition of Fowler and questioned her regarding treatment provided by her physicians prior to and after the 2016 work-related injury.

During the deposition, Fowler stated that the first time she was aware of her diagnosis of major depressive disorder was after the work-related injury. When questioned regarding the list of doctors that treated her prior to the injury, she related that treatment to the passing of her mother in 2008. Phoenix Rising, Dr. Samina Zaidi and Dr. Ish Rawal provided treatment, but neither Phoenix Rising nor Dr. Zaidi prescribed medication or provided a diagnosis. The nature of the treatment provided was not explored during the deposition. Fowler admitted during the deposition that she did not have any medical records from her prior treatment in her possession.

{¶7} Fowler also recalled receiving Lexapro when she was dealing with the impact of losing her mother.

{¶8} Dr. Rawal, Fowler's family physician prescribed Xanax to control her anxiety prior to the work injury. After the injury, Dr. Rawal substituted Cymbalta for the Xanax for her anxiety and to take advantage of its pain relieving qualities. Fowler has not sought additional psychological treatment due to cost, but she expressed a desire to obtain treatment for depression. She claimed that her psychological symptoms have worsened over the past three years as a result of the work-related injury.

{¶9} Indian River moved for summary judgment on September 14, 2020 arguing that it was entitled to summary judgment because Fowler:

> has produced no objective diagnostic findings, objective clinical findings,
> objective test results, as required by O.R.C. §4123.01(C)(4), to establish
> the extent of the Psychological Condition prior to the Incident. Without this
> objective evidence, it cannot be determined that an aggravation, let alone a

substantial aggravation, of the Psychological Condition occurred as a result

of the Incident."

(Indian River Motion for Summary Judgment, Sept. 14, 2020, p. 7).

{¶10} Fowler opposed the motion for summary judgment, relying on her own affidavit and the affidavit of her expert. Dr. Blankenship. In her affidavit, Fowler addressed her pre-existing psychological condition:

11) I have also received prior mental health treatment, including treatment in 2008 regarding my mother's passing.

12) Specifically, I treated with Phoenix Rising Behavioral Healthcare and Recovery, Inc. and with Dr. Samina Zaida, a psychiatrist prior to my 2016 work injury.

13) I met with a therapist for approximately one year following my mother's death in 2008 because I had withdrawn from friends and family and felt depressed, upset and irritable.

14) I have also received mental health treatment from Dr. Ish Rawal, my primary care provider, for many years, who has prescribed Xanax, and more recently, Cymbalta.

(Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, Exhibit 1, p. 2, paragraphs 11-14).

{¶11} Dr. Blankenship concluded in her affidavit that she "made a clinical finding that Fowler already suffered from major depressive disorder, single episode based upon her reported prior symptoms and mental health treatment, including in 2008, regarding her mother's passing" and that:

　　　　Based upon my examination of Ms. Fowler, review of her medical records, and my years of experience as a practicing psychologist, it is my opinion, to a reasonable degree of psychological certainty, that the physical injuries that Ms. Fowler sustained in her April 15, 2016 work-related accident are the direct and proximate cause of her substantial aggravation of preexisting major depressive disorder, single episode.

(Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, Exhibit 2, p. 2, paragraphs 8,10).

　　　　**{¶12}** The trial court granted the motion denying Fowler "the right to participate in the Ohio Workers' Compensation Fund for a substantial aggravation of pre-existing major depressive disorder, single episode, moderate" stating that "[i]n the present case, Plaintiff has not produced objective evidence of a pre-injury reference point. Plaintiff has only produced subjective complaint(SIC) of her pre-existing condition, specifically disallowed by R.C. 4123.01 (C)(4) which states that "subjective complaint without objective diagnostic findings, objective clinical findings, or objective test results are insufficient to substantiate a substantial aggravation." (Judgment Entry, Feb. 19, 2021, p. 1, 2, 3).

　　　　**{¶13}** The trial court also found that Fowler's attempt to argue a theory of direct causation was barred as she failed to make that allegation in her complaint and had conceded that she has a history of major depressive order pre-dating the injury.

　　　　**{¶14}** Fowler filed a timely notice of appeal and submitted six assignments of error:

**{¶15}** "I. THE TRIAL COURT ERRED IN DETERMINING THAT INDIAN RIVER HAS MET ITS BURDEN OF DEMONSTRATING THAT THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT."

**{¶16}** "II. THE TRIAL COURT ERRED IN DETERMINING THAT FOWLER HAS NOT MET HER BURDEN OF PRODUCTION UNDER CIV. R. 56(E) THAT SHE SUFFERED A WORK-RELATED SUBSTANTIAL AGGRAVATION OF A PRE-EXISTING PSYCHOLOGICAL CONDITION."

**{¶17}** "III. THE TRIAL COURT ERRED IN DETERMINING THAT A PRE-INJURY REFERENCE POINT IS REQUIRED TO ESTABLISH SUBSTANTIAL AGGRAVATION OF A PRE-EXISTING CONDITION UNDER R.C. 4123.512."

**{¶18}** "IV. THE TRIAL COURT ERRED IN DETERMINING THAT INDIAN RIVER IS ENTITLED TO JUDGMENT AS A MATTER OF LAW PURSUANT TO CIV. R. 56(C)."

**{¶19}** "V. THE TRIAL COURT ERRED AS MATTER OF LAW IN NOT PERMITTING FOWLER TO PURSUE AN ALTERNATIVE THEORY OF DIRECT CAUSATION."

**{¶20}** "VI. THE TRIAL COURT ERRED IN DETERMINING AS A MATTER OF LAW THAT THE FEBRUARY 19, 2021 ORDER IS A FINAL, APPEALABLE ORDER."

## STANDARD OF REVIEW

**{¶21}** We review cases involving a grant of summary judgment using a de novo standard of review. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.,* 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, at ¶ 24. Summary judgment is appropriately granted when " '(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that

reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' " *Esber Beverage Co. v. Labatt USA Operating Co.*, 138 Ohio St.3d 71, 2013-Ohio-4544, 3 N.E.3d 1173, ¶ 9, *citing M.H. v. Cuyahoga Falls,* 134 Ohio St.3d 65, 2012-Ohio-5336, 979 N.E.2d 1261, ¶ 12, internal citation omitted; Civ.R. 56(C).

**{¶22}** " '* * * We look at the record on summary judgment in the light most favorable to * * * the party opposing the motion.' *Poller v. Columbia Broadcasting System* (1962), 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458.  Further, '* * *on summary judgment the inferences to be drawn from the underlying facts contained in such materials (depositions, affidavits and exhibits) must be viewed in the light most favorable to the party opposing the motion.'" *United States v. Diebold* (1962), 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151–52, 309 N.E.2d 924, 925 (1974).

**{¶23}** "[W]e afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate." *Tornado Techs., Inc. v. Quality Control Inspection, Inc.,* 2012-Ohio-3451, 977 N.E.2d 122, ¶ 13 (8th Dist.). A * * * court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St. 2d 427, 433, 424 N.E. 2d 311 (1981). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th

Dist. 1999). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning–Ferris Inds. of Ohio, Inc.,* 15 Ohio St.3d 321, 323, 474 N.E.2d 271 (1984).

## ANALYSIS

## VI.

**{¶24}** We will begin our analysis with Fowler's sixth assignment of error, that the trial court erred in determining as a matter of law that the February 19, 2021 order is a final, appealable order, as that assignment concerns our jurisdiction to consider this matter and must be resolved before we proceed.

**{¶25}** Fowler argues that the judgment she has appealed is not a final appealable order because her claim against BWC remains pending, and the trial court did not issue a determination that there was no just reason for delay. She claims that the order is not final as it does not terminate the action as to all parties, but she does not provide a description of the claim that she alleges remains to be decided.

**{¶26}** A final, appealable order is defined by R.C. 2505.02(B)(2) as "[a]n order * * * that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment* * * ."

**{¶27}** "A special proceeding is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2).

Workers' compensation did not exist at common law or in equity, but was established by special legislation. See S.B. No. 127, 102 Ohio Laws

524; Am.S.B. No. 48, 103 Ohio Laws 72. See, generally, Fulton, Ohio Workers' Compensation Law (2d Ed.1998) 20–21, Sections 2.10–2.11. Therefore, it falls within the definition of a special proceeding under R.C. 2505.02(A)(2).

Having determined that a workers' compensation proceeding is a special proceeding as defined in R.C. 2505.02(A)(2), we now must determine whether the order [granting Indian River's motion for summary judgment] affected a substantial right.

*Myers v. Toledo*, 110 Ohio St.3d 218, 2006-Ohio-4353, 852 N.E.2d 1176, ¶¶ 14-16. *See Also Anderson v. Sonoco Products Co.,* 112 Ohio App.3d 305, 308, 678 N.E.2d 631, 633 (2nd Dist. 1996) (Workers' compensation appeals were not known to the common law or in equity. Therefore, a workers' compensation appeal is a special proceeding.)

**{¶28}** A substantial right is defined in R.C. 2505.02(A)(1) as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). *Myers, supra* at ¶ 17. Fowler's right to participate in the Workers' Compensation Fund and to appeal adverse decisions is created by R.C. 4123.51, R.C. 4123.511 and R.C. 4123.512. The trial court granted summary judgment which prevented Fowler from participating in the Fund, thus it affects a substantial right and was a final appealable order.

**{¶29}** We also find that the trial court's decision qualifies as a final appealable order as it is "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). While Indian River and BWC are parties to this matter, the only "claim" "is the basic or underlying request by an

employee to participate in the compensation system *because of a specific work-related injury or disease.* A decision by the commission determines the employee's right to participate if it finalizes the allowance or disallowance of an employee's 'claim.'" (Emphasis sic.) *Petry v. Kilbarger Constr., Inc.*, 5th Dist. Muskingum No. 2012-CA-13, 2012-Ohio-4355 *3.

**{¶30}** Fowler's complaint does not present a claim against Indian River or BWC in the traditional sense, as it is an appeal of the decision of the BWC denying her petition to participate in the Fund. " * * * [A]n appeal to the common pleas court is limited to one decision: whether an employee is or is not entitled to be compensated for a particular claim." *Felty v. AT & T Techs., Inc.*, 65 Ohio St.3d 234, 239, 602 N.E.2d 1141 (1992). When the trial court granted Indian River's motion for summary judgment, that decision determined the action. Nothing remains for the trial court to adjudicate as there were no separate claims against either BWC or Indian River. Fowler's claim "to participate in the compensation system because of a specific work-related injury or disease" has been determined and a judgment in her favor is prevented. *Felty, supra* at 239.

**{¶31}** We find that the trial court's decision is a final appealable order and, therefore, Fowler's sixth assignment of error is denied.

### I,II,III,IV.

**{¶32}** Fowler attacks the trial court's grant of summary judgment in her first, second, third and fourth assignments of error alleging different defects in the trial court's analysis in each error. Because the trial court focused upon the issue of a pre-injury reference point in its judgment entry and because we have determined that our resolution of that issue will render the other assignments of error moot, we will focus on the third

assignment of error regarding the trial court's finding that objective evidence of a pre-injury reference point is necessary.

{¶33} The crux of the trial court's decision to grant summary judgment is its conclusion that R.C. 4123.01 required Fowler to provide objective evidence of a pre-injury reference point and that she failed to supply that evidence.    The relevant statutory language applicable to the facts of this case is contained in the definition of the term "injury" in R.C. 4123.01(C)(4):

(C) "Injury" includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. "Injury" does not include:

* * *

(4) A condition that pre-existed an injury unless that pre-existing condition is substantially aggravated by the injury. Such a substantial aggravation must be documented by objective diagnostic findings, objective clinical findings, or objective test results. Subjective complaints may be evidence of such a substantial aggravation. However, subjective complaints without objective diagnostic findings, objective clinical findings, or objective test results are insufficient to substantiate a substantial aggravation.

{¶34} The trial court found that "Plaintiff and her clinician acknowledge that she suffered from the underlying psychological condition prior to her workplace incident" but concludes that "Plaintiff has not produced objective evidence of a pre-injury reference point. Plaintiff has only produced subjective complaint of her pre-existing condition, specifically disallowed by R.C.4123.0l(C)(4) which states that "subjective complaint

without objective diagnostic findings, objective clinical findings, or objective test results are insufficient to substantiate a substantial aggravation'" relying on *Lake v. Anne Grady Corp.*, 2013-Ohio-4740, 999 N.E.2d 1203 at ¶ 21 (6th Dist.). (Judgment Entry, Feb. 19, 2021, p.2). We respectfully disagree with the trial court as the *Lake* court recognized that objective evidence is not only unnecessary, but also noted that a claim could be presented even if the pre-existing injury had not been diagnosed prior to the work-related injury.

We agree with Lake and the Eighth District that *Smith* does not hold that an injured worker is required to produce pre-injury *objective* medical evidence documenting a pre-existing condition to support a substantial aggravation claim. We also clarify that while pre-injury evidence of a pre-existing condition—whether objective or subjective—is helpful, it is not necessary so long as the worker can demonstrate through "objective diagnostic findings, objective clinical findings, or objective test results" that the preexisting condition was substantially aggravated by the injury. R.C. 4123.01(C)(4).

However, as recognized by Lake, to determine that a condition has been substantially aggravated, there must be a pre-injury reference point from which to compare the post-injury condition. In cases where the pre-injury condition is asymptomatic, providing an initial reference point becomes difficult, especially where the pre-existing condition has never * * * been diagnosed. This does not mean, however, that proving substantial aggravation of a pre-existing condition is impossible in these situations. In fact, Ohio courts have found that sufficient evidence existed to support a

substantial aggravation claim under R.C. 4123.01(C)(4) where the condition

had not been diagnosed pre-injury. (Emphasis sic.)

*Lake v. Anne Grady Corp.*, 6th Dist. No. L-12-1330, 2013-Ohio-4740, 999 N.E.2d

1203, ¶¶ 20-21.

**{¶35}** We agree with "those courts that have held that the language of the statute

does not require a plaintiff to produce pre-injury documentation of a pre-existing condition

in order to prove a substantial aggravation claim. *See*, e.g., *Gardi, Haynik,* and *Strickler*.

*Fabro v. OhioHealth Corp.*, 10th Dist. No. 13AP-755, 2014-Ohio-5161, 24 N.E.3d 614,

¶ 21. There must be, however, a 'pre-injury reference point from which to compare the

post-injury condition,' which can be demonstrated through the testimony of an expert or

post-injury medical records." (Citations omitted.)  *Schaefer v. Lake Hosp. Sys.*, Inc., 11th

Dist. No. 2017-L-102, 2018-Ohio-3970, 120 N.E.3d 366, ¶ 19.

**{¶36}** As recently noted by the First District Court of Appeals "* * * R.C.

4123.01(C)(4) does not require the preexisting condition itself to be established by

objective evidence. * * * Although objective preinjury evidence is helpful, 'it is not

necessary so long as the worker can demonstrate through 'objective diagnostic findings,

objective clinical findings, or objective test results' that the preexisting condition was

substantially aggravated by the injury.' * * * '[A]ny requirement that a claimant must

present pre-injury documentation of the pre-existing condition * * * adds a requirement

that is not in the statute.' " *Houlihan v. Morrison,* 1st Dist. Hamilton No. C-200379, 2021-

Ohio-3087, ¶ 14.

**{¶37}** In this case Fowler presented the testimony of an expert who completed a

review of the available records and conducted a clinical exam of Fowler and concluded

that she suffered a pre-injury diagnosis of major depressive disorder, single episode, moderate and offered an opinion regarding the change post-injury. Further, Indian River does not dispute the existence of a pre-injury condition, but concedes that it existed and argues that Fowler lacks objective evidence of that pre-existing injury. ("To the contrary, Plaintiff's own testimony, and that of her expert, clearly establish that her MDD pre-existed the Incident." Indian River Reply Brief, Nov. 2, 2020, p. 6).

**{¶38}** Because the Revised Code does not require objective evidence of a pre-injury reference point, we find that the trial court erred when it concluded that Fowler's failure to provide objective evidence of a pre-injury reference point was a fatal flaw and that without it summary judgment should be granted.

**{¶39}** We hold that Fowler's third assignment of error is well taken and grant the same. Our grant of this assignment of error leads to the reversal of the trial court's decision and renders assignments of error one, two and four moot and, therefore, they will not be addressed.

**V.**

**{¶40}** In her fifth assignment of error, Fowler argues that the trial court erred as matter of law in not permitting Fowler to pursue an alternative theory of direct causation. Our ruling regarding the grant of summary judgment resolves this appeal, but we are inclined to address the fifth assignment of error as this matter will be returned to the trial court and the issue of whether Fowler can pursue direct causation may arise.

**{¶41}** The trial court found that Fowler did not include allegations of direct causation in her complaint and that the record is replete with evidence of a pre-existing condition, undermining any allegation that the work-related injury directly caused the

major depressive disorder, single episode, moderate. Fowler relies upon *Starkey v. Builders FirstSource Ohio Valley, L.L.C.,* 130 Ohio St.3d 114, 2011-Ohio-3278, 956 N.E.2d 267, contending that decision permits her to pursue a new theory of causation for an injury that has been addressed administratively and that the focus of the trial court in this context is the right to participate in the Fund for a specific injury, regardless of causation.

{¶42} The Supreme Court of Ohio held that "We therefore agree with the courts that have held that a claimant is not required to advance a specific theory of causation at the administrative level if he or she wishes to use that theory in the trial court, because R.C. 4123.512 allows for introduction of new evidence, provided that it relates to the same medical condition or injury." *Id.* at ¶ 18. So, it is evident that a different theory may be pursued at the trial court level to prove the subject injury was work-related.

{¶43} Indian River conceded that the *Starkey* decision permits pursuit of a direct causation theory but argued that Fowler failed to alleged that theory in her new complaint and therefore cannot now argue a direct causation theory. Indian River further contended that Fowler offered no evidence of direct causation and therefor she cannot claim the court erred in denying her request to pursue a direct causation theory.

{¶44} Revised Code 4123.512(D) required Fowler to "file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action." As noted by the trial court and Indian River, Fowler did not include allegations supporting a theory of direct causation in its complaint, and focused only upon the theory that she suffered a substantial aggravation of a pre-

existing injury. Fowler argued in her memorandum opposing summary judgment that granting the motion required the trial court to find that she did not have a pre-existing psychological condition and that, therefore, she must be permitted to pursue a direct causation theory if the trial court planned to grant summary judgment. The trial court did not so find and was not obligated to reach that conclusion to grant summary judgment. Instead, the trial court relied upon its finding that Fowler had not provided objective evidence of a pre-injury reference point. The trial court did not address whether a pre-existing condition existed, as it is evident in the record that all parties accepted the conclusion that Fowler suffered a pre-existing psychological condition. That issue was not disputed. Fowler's attempt to manufacture a dispute by ignoring the evidence in the record without any attempt to amend her complaint or offer any evidence of direct causation was correctly ignored by the trial court.

{¶45} Fowler's Fifth Assignment of error is denied.

**{¶46}** We reverse the decision of the Stark County Trial Court granting summary

judgment and remand this matter for further proceedings consistent with this opinion.

By: Baldwin, P.J.

Wise, Earle, J. concur,

Hoffman, J. concurs in part;
Dissents in part.

*Hoffman, P.J., concurring in part, and dissenting in part*

{¶47} I concur in the majority's analysis and disposition of Appellant's assignments of error with the singular exception of its decision regarding Appellant's fifth assignment of error.

{¶48} Because the majority chose to specifically overrule Appellant's fifth assignment of error, it may later be argued such would preclude Appellant from attempting to raise it upon remand based on the theory of res judicata. Upon this Court's remand, I believe Appellant has the opportunity to raise the issue by seeking amendment of her complaint to allege her direct causation theory as an alternative theory of her right to participate in the Workers' Compensation Fund. Rather than overruling the assignment of error outright, I would find it premature.